Good morning, I'm Richard Sutchford. I've just been in California for three weeks. I've been advised that these people need to move away so that they're not interrupting the argument. I appreciate that their argument took some time to move away and your opposition to have a chance to sit it out in case it goes bad out. Okay, I'm Richard Sutchford. I'll now talk to you about Rego. In a recent decision, Stu Sherman actually referred to a perfect storm of factors that resulted in the particular prisoners missing the indictment on him. In this case, there was a perfect storm of factors coming down in the end to a denial of Mr. Rego's right to be effective assistants of counsel. It conspired to result in his being convicted of first-degree murder. He might have been guilty of second-degree murder, but he was not convicted of first-degree murder. Well, he was convicted of both first-degree murder and felony murder, right? Well, not specifically. The case was submitted to the jury as either felony murder, robbery felony murder, or deliberate premeditated murder, which the jury wins. So I'm likely to think he may be convicted. I'm likely to think that he may be guilty of deliberate premeditated murder because of the chaotic situation that people fight in on the street. The biggest problem I have in this particular case, which I haven't had in any prior case today, is that I really am doing, I'm really reviewing this under an in-court review, am I not? Yes. So what is my standard here on in-court review? I don't understand your question. No, the thing that worries me about this is that because it's an in-court review, and if we are to look at, for instance, we're going to look at an in-court review on counsel being effective, I get a double standard against having to not do that. Because first of all, I have to give deference, if you will, to the attorney in what he decides and his type of decisions. And then I have to give double deference because if the state court gives the attorney the deference and now the state court finds there's no trouble, I have to give trouble, I have to give deference to the state court as well. So I get a double deference. So it seems to me you're working doubly hard to get your client off in this particular matter. Would you agree? Absolutely. Because when we're talking about his counsel was constitutionally ineffective, the California court said he wasn't constitutionally ineffective. And he said the reason I did this is that I was trying to establish that this is a minimal case presented and any attempt at robbery was over by the time Rago stabbed Camacho. That's his tactical theory, right? Well, I've never heard that. The state court did not conduct an evidentiary hearing. We never heard from Trump counsel. I've talked to him again in his shortcomings, which it seemed to me that he was focusing on in presenting his evidence that the attempt at robbery was over by the time Rago started to stab Camacho, which had effectively defeated the felony murder theory. Well, that's your speculation. But what the court instructed the jury in terms of get into that permitted the jury to find Mr. Rago guilty in the theory of attempted robbery, felony murder, even though the attempted robbery was over in Goodman. And the jury argued repeatedly that the jury should find the defendant guilty of attempted robbery, felony murder, even though he couldn't have done it because the only thing he did to sustain money was the court. That's the theory. That's the theory that was argued. That's the theory they were after. Well, hopefully when the judge gave that instruction, when the district attorney made that argument, defense counsel failed to object to it. They didn't object. Well, the counsel dropped the scene and the jury to find Mr. Rago guilty on that erroneous attempted robbery, felony murder theory. Because the result of interrogating the state court, not the district court, we just never heard from defense counsel that the jury could have found him guilty of premeditated murder as well. So even if there wasn't sufficient evidence to find him guilty of felony murder, was there sufficient evidence to find him guilty of premeditated murder? No, there wasn't. Even if there were scientific sufficient evidence to permit the jury to do that, it's very unlikely that that's what the jury did. I believe that he has this chaotic situation. He finds the middle of the street involving a dozen girls. And he had the knife. And his girlfriend or one of the other people say, don't get involved. No one had a weapon. He's the only one with a weapon there. A period of time for premeditated murders. It was a jury question. It was a jury question. I just went on. His girlfriend said you need to go down there and help your cousins. Well, as to see what the situation was, I had a knife. I came back out because it was also funny. First thing he did was stand up, wave the knife around and told everyone, is the only one with a weapon? Well, I went along with this. Is there any evidence that anyone else had a weapon? No. Anyway, he was using the weapon to try to stop the fight. The California Court of Appeals said that the evidence showed deliberation and premeditation. They said it showed deliberation and premeditation because he went in and got a steak knife before entering the fight. He knew that the extent to nature of the fight, he'd already been out there. He ignored his fiancee's urgings not to join the fight. He stabbed someone who appeared to be a member of a rival gang, and he stabbed Camacho in near his vital organs. The California Court of Appeals said that's enough. That's enough to show the deliberation and premeditation. And now you're asking me to say what I'm supposed to be giving deference to them, as I explained to you in the first place. Look around. All of those happened. Well, I don't see a thing about science, but they were unreasonable. What's my argument? What's anybody's argument? I'm sorry. The test is the determination of the facts was not unreasonable in light of the evidence presented in front of you. You're making an argument on 2254-D2, right? Now, what is unreasonable about allowing the jury to determine that Rago premeditated the use of the knife in killing the victim when he was downstairs, went up to the kitchen, got the knife, came down. In between, his girlfriend says, don't get involved. And he says, I cut the belt. And he uses the knife. The California law is first clear on 187.1 for murder first, which means the meditation can take place in a very short period of time. I'm sorry if the evidence was insufficient, but we have sufficient time to get the careful consideration. We have no alternatives. It's all that we require. But for today's purposes, I'll concede there was sufficient evidence of deliberate premeditated murder. The real issue is, is it likely that the jury found a guilty of deliberate premeditated murder, considering those circumstances? And more likely that the jury found a guilty of attempted murder, given the judge's instructions, the prosecutor's argument. And, you know, for a reason, jury could have reasonably found human guilty of premeditated murder. That's sufficient evidence. I'm not a heurist. I don't know how to dismiss that. I don't know how to dismiss this point. Because, unlike the jury found him guilty of deliberate premeditated murder, what if I insist that you found him? Did you have any legal reasons why any of the jurors say, we never would have found him guilty of premeditated murder. It was felony murder for nothing? No. I mean, how do you give your speculation as to what ways of charge the jury used to find him guilty for three murders? You're saying that because there's less evidence of felony murder, they couldn't possibly have found him guilty of premeditated murder. Well, I'm just taking all the facts that you need to ensure that, you know, in a combined situation, the facts that you need to know. Was murder free in sociology, but I just want to emphasize, murder free is in sociology situations, especially in the case of Willis. Again, the question is, is this a situation which you can give careful consideration to the alternatives and choose to make a deliberate choice to kill someone. I would never would have stabbed anybody except that this guy, Harold Macho, jumped into the fight against his cousin, Gerald, and he reacted spontaneously to that by stabbing him, but he never did have the thought before to kill you here or to kill anybody. He started off killing somebody else. He had to go upstairs to get the knife. That's his whole mind. Macho is a journalist. He said, don't go downstairs and get involved in this fight. He had to go downstairs and get involved in the fight and kill somebody. Not only did he kill him, but he killed a member of an opposition gang. That's what the California Court of Appeals said. They said that we're not stopping. We'll just go up and get the knife, come down. My girlfriend says, please don't do it. And I say, I'm doing it anyway. And now I go down. Then he stabs a member of the opposition gang, but not only did he stab that member of the opposition gang, but he stabbed him in a place close to his vital organs. That's what the California Court of Appeals says, which naturally is Camacho, who then died because he stabbed him. There wasn't any evidence that Camacho was a member of a rival gang. There wasn't any evidence that he was a member of a gang. Well, gangs have nothing to do with it, except for the fact that the other people that took the property tried to intimidate those victims by showing some gang slogans, but otherwise the fight was in gangs. It had absolutely nothing to do with it. Mr. Ringo had no motive to kill Mr. Camacho because anything to do with gangs, it all had to do with Camacho's joining the fight against his brother and his victim to protect him. It says that for today's purposes, I'm conceding there was evidence sufficient to find him guilty of deliberate and attempted murder. Thank you. As well as we're conceding that, well, for the purposes of the proceedings, the first argument is he cannot be convicted. I'm conceding that this is the purpose of moving on to the real argument, which is that because of the court's inappropriate instruction that just returns to the erroneous argument, and the failure of trial counsel to object to that,  Yes. Let's suppose that counsel could have objected or should have objected. The California Court of Appeals said the jury was not misled by the arguments, the comments, in light of all the other arguments in closing argument, and the proper instructions were given by the court. Now, how is that an unreasonable application of Supreme Court precedent? Well, first of all, the court's instructions. Not to have some Supreme Court case that says they were totally out to lunch on this, but they couldn't find one. What they said was, well, maybe he should have objected, but even if there is no reason to suggest that the jury was misled because there were so many other comments the other way during the prosecutor's argument, and not only that, the proper instructions were given, and therefore, no problem, no harm, both. The instructions that were given were not incorrect. They were not correct in this case because this is not a robbery case. This is not a robbery. The jury gave, the judge gave instructions that would be applicable to robbery. The Supreme Court jury did not do that. It said if this were a robbery, then he would have had an ability to try to help his cousins escape through the scene of this spilling. But in California law, Scooper makes it clear that in the case of an attempted robbery, the felony murder rule does not apply to the attempted robber's escape or movement away from the scene of the crime to a place of temporary safety. That's the argument the prosecutor made to convince the jury that this was in case of an attempted robbery felony. There's a good argument, but it's one argument against the other argument by the California Court of Appeal, which they laid out, said why they came to that result, and I can't find a Supreme Court case which would say that what they did was wrong. Well, it was entirely unreasonable and unreasonable, and we haven't talked at all, or at least at the time, we haven't talked about all the deficiencies. The trial lawyer who failed to present evidence of what if it's false was dragged off from any connection to the attempted robbery because it was perpetrated by the prosecution's chief witness, according to the neutral eyewitnesses on the scene and all the circumstantial evidence that surrounded it. If that evidence had been presented, then the jury would have been able to see that the cousins didn't. There was a doubt about whether the cousins participated in the attempted robbery, and if they didn't participate in the attempted robbery, then even on the prosecution's erroneous theory, Mr. Rager couldn't have been guilty. The evidence that he failed to present was that by the time Mr. Rager appeared on the scene, but was flashing the knife around until he arrived and breaking up the fight, there were the attempted robbery victims that got in a car and driven away, so nothing that he did could have possibly affiliated with the attempted robbery. The trial counsel failed to present that evidence. And when we go back to the question that if there is sufficient evidence to support premeditated murder, there was no precedent to that because he would have been convicted of premeditated murder. So it seems to me that you have to show some error in having conflating the two theories, either in the charge or in the verdict sheet, in order to begin that route. In other words, assuming that all that is correct, he would have been convicted of premeditated murder. I think it would lie to me to assert that he wasn't, in his opinion, to have premeditated murder. And even if that evidence was sufficient, the jury was likely to have found him guilty of it. On the other theory that we did, adding the fact that he was a child sexual assaulter. Thank you. Thank you. Good morning, Your Honors. May it please the Court. The Court shows a pretty thorough grasp of the issues in this case. There is double deference in this case. It's under ADPA and under Scriven and Fore. You can't show any confidence, because this is a microphone that should come through. Counsel conceded already in this case that the instructions were correct. Counsel made some comments today that the instructions may be incorrect as to attempted felony murder. He's already conceded that the instructions were correct. It's possible that the prosecutor briefly made one brief misstatement about conflating the theory of escape from a robbery with escape from an attempted robbery. But everyone concedes in this case that the instructions were correct. The instructions included the trial court telling the jury, do not pay attention to the arguments of counsel when they conclude with the instructions, and the instructions were correct. As to the potential evidence for murder and the property, attempted property felony murder, there's plenty of substantial evidence for both of those. The two Sal's brothers sold everyone in their house, were going to be non-props, and people from the party that were being kept, the people that made the party next door, all the girlfriends heard that. They went down. They ran into tanks. There's evidence that there were about six people by the time they finally went to the car to try to rob the girls. They tried to rob the two girls. The girls pulled the doors closed. They couldn't do it. So Chablon, who was coming back to the car, they tried to rob him. They didn't succeed in robbing him. He fought them off. Two guys from the party, it was Chablon who came over and helped him. So the six people started attacking those two people as well. The robbery was ongoing. The jury was entitled to believe that the people were not attacking Soto and Camacho just to have a fight. They were there to get some money. They were to rob people. They failed to rob the girls. They failed to rob Chablon. They moved on to the next two people, Soto and Camacho. They were trying to rob them. It was a continuing attempted robbery. One appellant found out from the girlfriends that the robbers were having trouble. He went upstairs and grabbed a knife. He said, I got to go back on my buddies. He didn't say, I got to go rescue them. He said, I got to go back them up. Convertly in the robbery, appellant's girlfriend said, don't go down there. He went down there anyway. He started telling people to back off. There was nothing going on at that point. Manuel, everyone agreed Manuel was winning his fight, probably with Soto. Everyone agreed. But at that point, Gerald had Camacho's hands pinned behind Camacho's back. Appellant, seeing the bright blue shirt of Camacho, maybe he was a gang member, maybe he wasn't, but he was wearing a bright blue shirt. This is just a provocation to a Norteno, like appellant who claims red. He's wearing a bright blue shirt. The only explanation, but nothing was happening at that point, is he executed a serenio. It's a harsh word. He stabbed him directly through the heart. One time he killed him dead. He executed him. He says later on to his girlfriend, I stabbed a scrap. Scrap is an extremely derogatory term for a serenio. It was used by a Norteno. It's clear that what he did was he killed, he intentionally premeditated and deliberated, and killed a serenio for no particular reason. That's the substantial evidence. Accepted or not, the point is there's substantial evidence the jury could have accepted that theory for a premeditated, deliberated murder. Likewise, since the attempted robbery was ongoing, there was substantial evidence for the jury to consider that that was a felony murder, attempted robbery, felony murder, because the robbery was left to the jury to decide what was in their minds when they attacked Soto and Camacho. They could have reasonably concluded that it was an attempted robbery, felony murder. Well, you said that this is the last sinner of the felony murder, that it is the only premeditated murder. Now, what do you think? I wouldn't agree, Your Honor. I think they came, they said they're going to rob some people. They went down, they didn't succeed in robbing the girls. They didn't succeed in robbing the children. There's no evidence. They just went down there to have a fight. They wanted money. They're trying to rob people. Your Honor, in relation to the evidence, what you're saying is that Gregor wanted to kill Soteno, but he had nothing to do with trying to rob people downstairs. But he said he was going to... Okay, I can see that point. But he did say... All I'm saying is the jury could... It was up to the jury to fathom the motives of each individual involved. It's reasonably... I have a motive to help out with the robbery and to kill Soto. I'm going to back up. I'm going to go down and back up my cousins. Under Griffin, by the way, and it's a weak argument. I hesitate to say it, but under Griffin, if either one of those theories is valid, under Griffin, for hundreds of years, it's been satisfied that either one of those theories is enough to support first-degree murder. But my main point is it's a jury question. It's a money-to-money account. It has to be a discovery. I'm happy to discuss it, but if the Court has no further questions, I would be more interested. Any further questions? Thank you, Your Honor. Your Honor, in the case of ending the murder versus asserting the murder, I think it would be a valid argument. I was at a conference yesterday and just returning to this argument, I made brief reference to this. I wrote in this felony murder theory and I did it repeatedly, and the transcript references are in pages RT, 645, 660, 699, 700. I'm sorry. My fingers have the excerpts of the record and the references posted there for you. What was the reference to? This is the attorney's argument to the jury, repeated argument to the jury, that making the felony account of the theory of attempted robbery, felony murder, is the aim because it's to escape from the scene of the felon's robbery, which is an alternative. This is the reference. Thank you, Your Honor.
judges: Bea, N.R. Smith, Robreno